IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANTONIO D. RICHARDSON | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-3131 |
| | : | **ECF-Exempt** |
| SCHAEFER & STROHMINGER, INC. | : | |
| | : | |

...o0o...

## MEMORANDUM

The defendant Schaefer & Strohminger, Inc. ("S&S") has filed a motion to dismiss the plaintiff Antonio Richardson's amended complaint, which alleges employment discrimination. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, the defendant's motion will be denied.

Mr. Richardson originally filed an administrative action against S&S with the Equal Employment Oppurtunity Commission ("EEOC"). He received a Notice of Right to Sue from the EEOC dated August 23, 2005, which named S&S as the respondent. (Pl.'s Compl., Exhibit.) Mr. Richardson filed an action with this court on November 21, 2005 – within the mandatory 90-day period – naming Kathy Pistorio, Human Resources Manager for S&S, as the defendant. On January 6, 2006, the court dismissed Ms. Pistorio, but granted Mr. Richardson leave to file an amended complaint "in which he may attempt to state a claim naming S&S, rather than Ms. Pistorio, as the defendant." The plaintiff filed an amended complaint for employment discrimination naming S&S as the defendant on January 11, 2006, which was eventually served on S&S.

The defendant makes two arguments why the amended complaint should be dismissed.

First, it contends that because the Amended Complaint omits several pieces of information, including the nature of his claim, the date of Mr. Richardson's termination, and the date he received the Notice of Right to Sue from the EEOC – the actual notice is also not attached – it is facially insufficient.  The court rejects this argument in light of Mr. Richardson's *pro se* status; his Amended Complaint will be read as incorporating the relevant information in his initial complaint.  *See Allen v. Brodie*, 573 F.Supp. 87, 89 (D.Md.1983) ("*Pro se* complaints are generally 'held to less stringent standards than formal pleadings drafted by lawyers' and are generally not dismissed unless it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also White v. White*, 886 F.2d 721, 725 (4th Cir. 1989).

The defendant's second, more significant, argument is that the plaintiff did not bring his claim against S&S within the 90-day limitations period, *see* 42 U.S.C. § 2000e-5(f)(1), and the amended complaint does not "relate back" to the original filing under Fed.R.Civ.P. 15(c).  *See Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987) (dismissing an action filed 91 days after receipt of the EEOC notice, where no grounds existed for equitable tolling). The Fourth Circuit has indicated the four factors that must be met for a new claim to "relate back" to an earlier claim under Rule 15(c), such that the statute of limitations will not defeat the new claim:

> (1) the claim arose out of the same transaction or occurrence as set forth in the original complaint;
> (2) the adverse party has received such notice that he will not be prejudiced in maintaining his defense;
> (3) the adverse party knew or should have known that, but for a mistake in identity, the action would have been brought against him; and
> (4) the second and third requirements must have been satisfied within the statute of limitations.

2

*Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991) (citing *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)).  Viewing all the circumstances of this case, the court finds that the plaintiff's amended complaint does "relate back" to his initial complaint under this test, contrary to the defendant's arguments.  Accordingly, it is not barred by the statute of limitations.

First, the court finds that the defendant received notice of this action within the 90-day limitation period, due to its knowledge of the plaintiff's complaint.  The defendant had more than "mere awareness of the suit," *Keller*, 923 F.2d at 34; for example, its own counsel has handled the suit from the beginning, although Ms. Pistorio was sued as an individual employee.  Furthermore, S&S knew or should have known, upon receipt of the complaint, that it was the proper defendant in this action, and that Mr. Richardson sued Ms. Pistorio only because of a mistaken assumption as to the correct party to sue.  *See* Memorandum in Support of Defendant Pistorio's Motion to Dismiss, at 4 ("[the plaintiff] cannot be tolerated for bringing suit against an individual when he clearly had engaged the *proper party* at the EEOC level.") (emphasis added).  The court declines the defendant's invitation to apply a hypertechnical reading of the concept of notice, given the circumstances of this case.  *See Eakins v. Reed*, 710 F.2d 184, 186 (4th Cir. 1983) (noting that "district courts are under an obligation to ensure that technical problems of pleading, and practice and joinder do not prevent the prosecution of *pro se* civil rights action") (citing *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)).  In addition, the court finds each of the decisions cited by the defendant in support of its position materially distinguishable from the present case.[1]

---

[1] One such decision does not even represent good law.  *See Johnson v. Burnley*, 887 F.2d 471 (4th Cir. 1989), *vacated and en banc rehearing granted*, Jan. 2, 1990, *appeal dismissed with prejudice*, Mar. 21, 1991.  S&S acknowledges the later history in a footnote, but nonetheless

3

The defendant's motion will be denied by separate Order.

March 8, 2006                                    /s/
Date                                             Catherine C. Blake
                                                 United States District Judge

---

attempts to rely on the vacated opinion.

4